IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY W. SCULLIN JR., | ) Case No.: 1:21-cv-485 |
| Petitioner, | ) JUDGE DAN AARON POLSTER |
| v. | ) |
| WARDEN, TOM SCHWEITZER, | ) OPINION & ORDER |
| Respondent. | ) |

On November 13, 2023, Magistrate Judge James E. Grimes, Jr. issued a report and recommendation (R&R) recommending that the Court dismiss or deny each ground in Petitioner Jeffrey W. Scullin, Jr.'s writ of habeas corpus. ECF Doc. 10. On January 19, 2024, Scullin filed an objection to Magistrate Judge Grimes' R&R. ECF Doc. 13. The Court has conducted a *de novo* review of Magistrate Judge Grimes's R&R and agrees with his recommendations. For the reasons explained below, the Court overrules Scullin's objection and adopts the R&R.

I. Background

On October 23, 2017, Scullin murdered his fiancé's mother, Melinda Pleskovic. *State v. Scullin*, 2019-Ohio-3186, at ¶2. Scullin was charged with one count of aggravated murder in violation of Ohio Revised Code § 2903.01(A); one count of murder in violation of Ohio Revised Code § 2903.02(B); two counts of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) and § 2903.11(A)(2); one count of tampering with evidence in violation of Ohio Revised Code § 2921.12(A)(1); one count of making false alarms in violation of Ohio Revised Code § 2917.32(A)(3); and one count of endangering children in violation of Ohio Revised Code

1

§ 2919.22(A). ECF Doc. 6-1, at 4–7. The first four counts carried firearm specifications. Scullin initially pleaded not guilty to all charges. ECF Doc. 6-1, at 12.

In August 2018, Scullin moved to compel discovery of the results of a pre-indictment polygraph examination, which the State opposed. *Scullin,* at ¶11-12. The court denied the motion, finding the polygraph results were not subject to disclosure under Ohio Criminal Rule 16. *Id*. at ¶12.

Scullin also moved to suppress evidence obtained via searches of his vehicle, cell phone records and data and custodial statements. *Id*. at ¶13. He argued the searches were conducted absent probable cause or lawful consent. *Id*. at ¶15. Following a hearing, the trial court denied Scullin's motion to suppress, determining the searches were constitutional under the Fourth Amendment. *Id*. at ¶17-19. Subsequently, Petitioner withdrew his not guilty pleas and entered no contest pleas to all counts in the indictment. *Id*. at 20. The trial court sentenced Scullin to an aggregate sentence of life imprisonment plus three years for the firearm specifications. ECF Doc. 6-1, at 142.

Scullin filed an appeal raising the following four assignments of error:

I. The trial court erred in improperly shifting the burden from the state to the defense in ruling that the defense did not prove misconduct.

II. The trial court erred in denying Appellant's motion to compel because the evidence sought was material to the defense and relied upon by the State of Ohio.

III. The trial court erred in denying Appellant's motion to suppress because no reasonable person would have believed that the consent to search exceeded beyond the brief period necessary to remove a diaper bag.

IV. The trial court erred in finding the search warrants for appellant's cell phone and cellular data were supported by probable cause and included particularized descriptions.

*Id*. at 162. The state court of appeals affirmed on August 8, 2019. *State v. Scullin*, 2019-Ohio-3186.

Eight days later, Scullin filed an application for *en banc* reconsideration, which the state court of appeals denied. ECF Doc. 6-1 at 325–26. Through counsel, Scullin filed a notice of appeal with the Ohio Supreme Court on January 3, 2020. ECF Doc. 6-1, at 327–28. In his memorandum in support of jurisdiction, Scullin raised four propositions of law:

> I. A defendant in a criminal case is deprived of his constitutional rights where the trial court shifts the State's burden to the defense thereby permitting law enforcement to engage in coercive interrogation tactics involving threats of death.
>
> II. A defendant in a criminal case is deprived of his constitutional protections where law enforcement concedes that a non-consensual search was conducted without probable cause.
>
> III. A defendant is deprived of his state and federal constitutional protections where law enforcements seizes cell-site information without probable cause.
>
> IV. A defendant is denied due process where the State withholds evidence from an off-camera polygraph examination conducted by the State on the defendant despite having used that evidence to continue interrogation techniques.

ECF Doc. 6–1, at 331. On March 3, 2020, the Ohio Supreme Court declined jurisdiction. *Id*. at 411. The Ohio Supreme Court also denied Scullin's motion to reconsider on April 28, 2020. *Id*. at 418.

## II. Habeas Corpus Petition

Scullin, through counsel, filed a writ of habeas corpus on March 2, 2021 setting forth the following grounds for relief:

1. Unreasonable governmental search and seizure of Petitioner's vehicle in violation of his Fourth Amendment Constitutional right.

2. Unreasonable governmental search and seizure of Petitioner's cell phone and cellular data in violation of his Fourth Amendment Constitutional right.

3. Due process deprivation resulted from the government's refusal to produce material evidence related to an unrecorded, coercive interrogation.

4. Unduly coercive interrogation techniques resulted in the violation of constitutional rights guaranteed by the Fifth and Fourteenth Amendments.

ECF Doc. 1. On November 13, 2023, Magistrate Judge Grimes recommended that the Court dismiss Ground One and Two as noncognizable, dismiss Ground Three as procedurally defaulted and/or on the merits, and deny Ground Four on the merits. ECF Doc.10. On January 19, 2024, Petitioner, through counsel, filed an objection to Magistrate Judge Grimes' R&R. ECF Doc. 13. Petitioner objects to Magistrate Judge Grimes' recommendation on all four grounds. *Id.*

**III.   Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), [published in full-text format at 1994 U.S. App. LEXIS 27813] 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de

4

novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

IV. **Law & Analysis**

  A. **Grounds One and Two**

Grounds One and Two of Scullin's habeas petition raise Fourth Amendment violations—the search and seizure of his vehicle, cell phone and cell phone data. Magistrate Judge Grimes recommends the Court dismiss Grounds One and Two as noncognizable. ECF Doc. 10. The Sixth Circuit has explained that a Fourth Amendment claim is barred by *Stone v. Powell*, 428 U.S. 465, 482, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976), unless "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure." *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013) (quoting *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994)). Here, the state provided a procedure by which Scullin challenged the search and seizure of his property. Scullin's trial counsel filed a motion to suppress and the trial court conducted a suppression hearing. The trial court rejected Scullin's Fourth Amendment challenge, and the state court of appeals affirmed. "That (more than) suffices to preclude review of the claim through a habeas corpus petition under *Stone v. Powell*." *Id*. at 640; *see also, DeJonge v. Burton,* 2020 U.S. App. LEXIS 12742 at *20. The fact that Scullin disagrees with the outcome of the suppression hearing does not change the fact that the state provided a

5

procedure for contesting the search and seizure of his property. His Fourth Amendment claims are not cognizable for habeas review and are hereby DISMISSED.

### B. Ground Three

In Ground Three, Scullin argues that his due process rights were violated when the state court refused to compel the production of evidence related to his polygraph test and unrecorded interrogation. Magistrate Judge Grimes recommends the Court dismiss Ground Three as procedurally defaulted. ECF Doc. 10. He also opines that Ground Three lacks merit as a *Brady* violation. ECF Doc. 10 at pp. 24-25. The Court finds that it will be more expedient to proceed to the merits of this claim rather than considering whether it is procedurally defaulted. *See Hudson v. Jones,* 351 F.3d 212, 215-216 (6th Cir. 2003).

In his objection, Scullin argues that the state should have been required to produce evidence from his polygraph examination which was shown to him during his custodial interrogation because it may have supported his involuntary confession claim. The Court agrees with Magistrate Judge Grimes that this claim is not a valid *Brady* challenge because the polygraph information was clearly not favorable to Scullin. And the non-production of charts and other information from his polygraph test did not prevent Scullin from arguing that his confession was coerced and involuntary. Indeed, Scullin *did* raise an involuntary confession claim in both his direct appeal and in Ground Four of his habeas petition.

Scullin has not explained how showing the polygraph information to him somehow rendered his confession involuntary, or how the production of this information would have changed the state court's analysis on his involuntary confession claim. It is hard to conceive how the polygraph information could have been more coercive than threats of being charged with the death penalty. Moreover, state court decisions regarding discovery and the admissibility of

6

evidence are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). In short, Scullin has not shown that the state court decision refusing to compel production of polygraph information violated any constitutional right. He has certainly not shown it was contrary to, or involved an unreasonable application of federal law as determined by the United States Supreme Court. For this reason, Ground Three is DENIED.

### C. Ground Four

Magistrate Judge Grimes recommends the Court deny Ground Four on its merits. In Ground Four, Scullin argues that his confession was involuntary and the product of unduly coercivce interrogation by state actors. The Ohio Court of Appeals fully considered and rejected Scullin's argument that his confession was involuntary due to the coercive nature of his interrogation. *Id* at 41. Magistrate Judge Grimes found that Scullin failed to show that the state court of appeals' decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *see Bergman v. Howard*, 54 F.4th 950, 956–57 (6th Cir. 2022).

The undersigned agrees with the state court of appeals and Magistrate Judge Grimes that Scullin's confession was voluntary. The detectives did not engage in any conduct that has been found to be overly coercive by the Supreme Court. Scullin has not cited any cases establishing that his interrogation was outside the bounds of methods generally accepted under federal law. Because the state court's decision was not contrary to or an unreasonable application of federal law, Ground Four of Scullin's petition is DENIED.

### V. Conclusion

Upon *de novo* review, the Court agrees with Magistrate Judge Grimes that Grounds One and Two of Scullin's petition should be DISMISSED as noncognizable,  and Grounds Three and Four should be DENIED on the merits. The Court OVERRULES Scullin's objection, ADOPTS Magistrate Judge Grimes' R&R, and DENIES Scullin's petition for habeas review.

IT IS SO ORDERED.

Dated: February 12, 2024

*s/Dan Aaron Polster*
United States District Judge

8